# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**RONALD LEE HAINES**,

    Plaintiff,

v.

**RICHARD ANGELOZZI**,

    Respondent.

Case No. 3:14-cv-01653-JE

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on September 26, 2018. ECF 102. Magistrate Judge Jelderks recommended that the Petition for Writ of Habeas Corpus be denied and judgment should be entered dismissing this case with prejudice. Magistrate Judge Jelderks also recommended that this Court should decline to issue a Certificate of Appealability on the basis that the petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). For the reasons that follow, this Court ADOPTS Magistrate Judge Jelderks's Findings and Recommendation.

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection (ECF 104), to which Respondent responded. ECF 105. Petitioner objects to Judge Jelderks's findings that Petitioner's trial counsel was not constitutionally deficient for failing to retain expert witnesses in the fields of false confessions and child memory, or for failing to object to vouching testimony.

This Court has reviewed Petitioner's objections and Respondent's responses and the Court agrees with the reasoning and analysis of Judge Jelderks. Petitioner's ineffective assistance of counsel claims are governed by *Strickland v. Washington*. 466 U.S. 668 (1984), and the

PAGE 2 – OPINION AND ORDER

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1). A federal court's review of defense counsel's performance is "doubly deferential" because *Strickland* "instructs courts to review a defense counsel's effectiveness with great deference, and AEDPA requires federal courts to defer to the state court's decision unless its application of Supreme Court precedent was objectively unreasonable." *Cheney v. Washington*, 6114 F.3d 987, 994 (9th Cir. 2010) (internal citation omitted).

Petitioner argues that the magistrate judge should have applied a de novo standard of review because, in his view, "[i]t is not clear whether the post-conviction court found counsel ineffective." ECF 104 at 4. To the contrary, the post-conviction court concluded that "I am not convinced that Mr. Habekost's representation fell below the level that's a professional, reasonable level that's guaranteed by the Constitutions of Oregon and the United States. I don't think that his conduct fell outside the wide range of professional assistance." PCR Transcript at 54. Therefore, Magistrate Judge Jelderks applied the appropriate deferential standard of review as required by AEDPA. *See Harrington v. Richter*, 562 U.S. 86, 108 (2011). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. It is this standard that Petitioner's ineffective assistance of counsel claim must meet.

Applying this deferential standard of review, Petitioner's ineffective assistance of counsel claims do not succeed. In this case, Petitioner's verbal and written confessions were consistent with the allegations of the victim as to what happened, thus bolstering the victim's credibility. Not only did Petitioner's trial counsel submit affidavits to the effect that his client had not

PAGE 3 – OPINION AND ORDER

claimed that the confession was coerced and made statements to counsel that corroborated what he said in the interrogation, but trial counsel also revealed that his client had taken a polygraph test, the results of which suggested that the confession was not false. In light of those three significant facts, the post-conviction court found it reasonable that counsel chose not to call an expert in false confessions. Furthermore, the expert on false confessions retained by Petitioner in his post-conviction case submitted an affidavit stating that, in his opinion, the interrogation followed the textbook method, and did not indicate that he would testify that the confession was false or coerced. Finally, Judge Jelderks agreed with the post-conviction court that the vouching testimony likely had no impact on the jury, in light of the trial as a whole. In light of those facts, the post-conviction court's judgment that trial counsel's performance was not constitutionally deficient is reasonable.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation of Magistrate Judge Jelderks (ECF 102). The Petition for Writ of Habeas Corpus (ECF 2) is DENIED and this case is DISMISSED with prejudice. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 27th day of November, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge